UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE NORTHERN TRUST COMPANY,
an Illinois state chartered banking
corporation, successor by merger to,
Northern Trust, N.A., a national banking
association,

        Plaintiff,

v.                                  Case No:  2:13-cv-549-FtM-38DNF

DEBRA ANTARAMIAN and
YASMEEN WILSON,

        Defendants.
_____/

## ORDER[1]

       This matter comes before the Court on Defendants' Motion to Dismiss (Doc. #24)

filed on October 15, 2013.  Plaintiff's Response in Opposition (Doc. #26) was filed on

October 29, 2013.  Plaintiff's Notice of Filing of Affidavit in Support of Response in

Opposition to Defendants' Motion to Dismiss (Doc. #27) and its attachments were filed

on October 29, 2013.  Thus, the Motion is now ripe for review.

       Defendants move to dismiss Plaintiff's Amended Complaint (Doc. #7) pursuant to

Federal Rule of Civil Procedure 12(b)(1) for lack of diversity jurisdiction.  Specifically,

Defendants allege that it is not clear from the Amended Complaint and the attachments

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.
These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked
documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court
does not endorse, recommend, approve, or guarantee any third parties or the services or products they
provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their
Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus,
the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion
of the court.

to the Amended Complaint whether Plaintiff is an Illinois or Florida citizen. Defendants state that they can only surmise from the style of the case and the introductory paragraph to the Amended Complaint that a merger between Northern Trust Illinois and Northern Trust Florida may have occurred, but there is no proof of that in the Amended Complaint or the record. Plaintiff responds that it has sufficiently pled that it is an Illinois banking corporation, that it owns and holds the underlying loan documents, and that the Defendants are citizens of the State of Florida and domiciled in Collier County, Florida. Plaintiff otherwise attaches documents to both its Response and supporting affidavit, in further support of its jurisdictional allegations.

A motion to dismiss pursuant to Rule 12(b)(1) provides for a dismissal of an action if the court lacks subject matter jurisdiction. When reviewing a motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint should be construed in a light most favorable to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 237, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Cole v. United States, 755 F.2d 873, 878 (11th Cir. 1985). Attacks on subject matter jurisdiction come in two forms. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.2d 1271, 1279 (11th Cir. 2009); Lawrence v. Dunbar, 919 F.2d 1525, 1528 (11th Cir. 1990). The first is a facial attack on the complaint, which requires the court to see whether plaintiff has sufficiently alleged a basis of subject matter jurisdiction. Lawrence, 919 F.2d at 1529. In considering facial validity, the court must take the allegations in the complaint as true for purposes of the motion. Id. In contrast, a factual attack challenges the existence of subject matter jurisdiction, or the court's power to hear the case. Id. The Court can look outside the pleadings in order to make its determination, and the court is free to weigh the evidence

in order to determine whether it has jurisdiction. Id. When federal jurisdiction is based upon diversity, Plaintiff "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." Travaglio v. American Express Co., -- F.3d ---, No. 11-15292, 2013 WL 4406389, at *2 (11th Cir. Aug. 19, 2013). "Where the pleadings are inadequate, we may review the record to find evidence that diversity jurisdiction exists." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir. 2001).

In this case, in the introductory paragraph of the Amended Complaint, Plaintiff indicates that the Plaintiff is The Northern Trust Company, an Illinois state charted banking corporation, successor by merge to Northern Trust, N.A., a national banking association, and created a short form for the defined term of "Lender." Further, Plaintiff pleads in its Amended Complaint that it is a citizen of Illinois with a principal place of business in Illinois. (Doc. #7, ¶3). The documents attached to Plaintiff's Response also establish that there was a merger between "Northern Trust, N.A., Miami, Florida, a national banking corporation and The Northern Trust Company, Chicago, Illinois, an Illinois banking corporation." (Doc. #26-1). The Certificate of Merger further indicates that The Northern Trust Company, an Illinois banking corporation, was the resulting bank, following the merger. Plaintiff has also filed the affidavit of Steven Arbogast, Senior Vice President of The Northern Trust Company, in support of its response, which states that The Northern Trust Company is a citizen of Illinois as it is incorporated in Illinois as an Illinois state chartered banking corporation with its principal place of business in Illinois. (Doc. #27). Plaintiff alleges that its main office is located in Chicago, Illinois.

Based upon the above and a review of the record in this case the Court is satisfied that Plaintiff has met its burden to establish that diversity jurisdiction exists over this matter as Plaintiff is a citizen of the State of Illinois and both Defendants are citizens of the State of Florida.  Thus, the Motion to Dismiss will be denied.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. #24) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of November, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record